UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
COVINGTON

| | |
|---|---|
| ERIC LLOYD HERMANSEN, | ) |
| | ) |
| Petitioner, | ) No. 2:13-CV-103-HRW-REW |
| | ) |
| v. | ) RECOMMENDED DISPOSITION |
| | ) |
| RANDY WHITE, Warden et al., | ) |
| | ) |
| Respondents. | ) |

*** *** *** ***

On June 5, 2013, Petitioner, Eric Lloyd Hermansen, filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. DE #1 (Petition). On screening, the Court perceived the petition as presenting multiple procedural issues and ordered briefing. DE #5. Warden White responded (DE #11), and Hermansen replied. DE #12 (Reply).

The Court finds the application second or successive and **RECOMMENDS** that the District Court **TRANSFER** Hermansen's petition (DE #1) to the Sixth Circuit pursuant to 28 U.S.C. § 1631. *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) ("[W]hen a second or successive petition for habeas corpus relief . . . is filed in the district court without § 2244(b)(3) authorization by [the Sixth Circuit], the district court shall transfer the document to [the Sixth Circuit] pursuant to 28 U.S.C. § 1631."); *see also* Rule 9, Rules Governing Section 2254 Proceedings for the United States District Courts. On this record, and in this unusual procedural posture, Hermansen's petition is second or successive and, at this stage, is not certified as

required by § 2244(b)(3)(A).[1] Alternatively, Hermansen procedurally defaulted the claims he now makes, which would provide a basis for petition denial.

I. **Relevant Factual Background**[2]

A Gallatin County grand jury indicted Hermansen in July 1996 on one count of murder and two counts of first-degree wanton endangerment. *Hermansen v. Commonwealth*, 2012-SC-000297-MR (Ky. May 23, 2013) (unpublished), *available at* DE #1-1. He stood accused of (and ultimately was convicted of) murdering his girlfriend's ex-husband after having shot at two uninvolved bystanders on the way to the murder victim's home. In May 1997, a jury convicted Hermansen on all counts. The Gallatin Circuit Court entered judgment on July 7, 1997, sentencing Petitioner to life imprisonment on the murder conviction and 5 years of imprisonment on each count of wanton endangerment. Hermansen directly appealed, and the Kentucky Supreme Court affirmed the murder conviction but reversed both wanton endangerment convictions, finding insufficient evidence as to venue.

---

[1] The Court notes that Hermansen's petition names three respondents: Randy White, Warden; Kentucky State Penitentiary; and Jack Conway, Attorney General of Kentucky. "The federal habeas statute straightforwardly provides that the proper respondent to a habeas petition is 'the person who has custody over [the petitioner].' This custodian, moreover, is 'the person' with the ability to produce the prisoner's body before the habeas court." *Rumsfeld v. Padilla*, 124 S. Ct. 2711, 2717 (2004) (quoting 28 U.S.C. § 2242); *see also* Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts. Further, "the default rule is that the proper respondent is the warden of the facility where the prisoner is being held." *Padilla*, 124 S. Ct. at 2718. Here, Hermansen properly names Warden Randy White but also names the Kentucky State Police and Attorney General Jack Conway. Only Warden White formally responded. In light of its recommended disposition, the Court does not address the issue further.
[2] Unless otherwise noted, the Court draws the facts from the 2013 opinion of the Supreme Court of Kentucky. *Hermansen v. Commonwealth*, 2012-SC-000297-MR (Ky. May 23, 2013) (unpublished), *available at* DE #1-1.

Hermansen subsequently filed state collateral attacks under RCr 11.42 and CR 60.02. The trial court denied the motions in 2002, and the Kentucky Court of Appeals affirmed in 2003. *Hermansen v. Commonwealth*, 2003 WL 21361761 (Ky. Ct. App. June 13, 2003). (The Response indicates an additional state habeas petition in Morgan County, not here relevant, that was also denied and affirmed on appeal.) In 2007, Hermansen sought to expunge the two wanton endangerment charges that the Kentucky Supreme Court dismissed in 2000. The trial court first granted the motion, but set aside the order upon the Attorney General's motion for reconsideration. The Kentucky Court of Appeals overruled the trial court and granted the motion to expunge. *Hermansen v. Commonwealth*, 2009 WL 723056 (Ky. Ct. App. Mar. 20. 2009). The Kentucky Supreme Court denied the Commonwealth's motion for discretionary review. Hermansen then moved the trial court for a new judgment, one removing reference to the wanton endangerment matters. The trial court entered a nominally new judgment on April 5, 2012, imposing the same sentence on the murder charge but deleting all reference to the expunged charges. DE #1-1 at 1-2.

Hermansen pursued a second direct appeal from the 2012 entry, arguing three issues relating solely to the original underlying conviction. The Kentucky Supreme Court summarily denied the appeal, finding that the 2012 "judgment" did not entitle Hermansen to a new direct appeal. Specifically, the Court stated:

> Appellant is incorrect, however, in claiming he is entitled to a new appeal. The trial court's entry of a new judgment to comply with the directive of the Court of Appeals that the wanton endangerment charges be expunged does not entitle Appellant to a new direct appeal of his murder conviction. The "new" judgment was really no more than a corrected judgment entered to comply with the Court of Appeals' mandate, which did not affect the murder conviction and sentence in any way.

*Hermansen,* 2013 WL 2296309, at *3. Further, the Court found the claims procedurally barred under Kentucky law:

> Appellant is now attempting to relitigate issues which could and should have been raised on direct appeal of the murder conviction. This Court will not review his claims, as
>
>> [t]he law of the case doctrine holds than an appeal settles all errors that were or might have been relied upon. *Sowders v. Coleman*, 223 Ky. 633, 4 S.W.2d 731 (1928). It is intended to prevent defendants from endlessly litigating the same issue in appeal after appeal and also to prevent a dissatisfied party from presenting piecemeal issues to the appellate courts so that no decision is ever final. *Commonwealth v. Tamme*, 83 S.W.3d 465, 468 (Ky. 2002).
>
> Bowling v. Commonwealth, 377 S.W.3d 529, 539 (Ky. 2012). Appellant has already had the direct appeal of his murder conviction to which he was entitled under Section 115 of the Kentucky Constitution. He is not entitled to a second direct appeal. Accordingly, this Court affirms the final judgment and sentence of the Gallatin Circuit Court entered on April 9, 2012.

*Id.* at *3-*4.

Hermansen then filed the instant federal petition, alleging the same three claims of error relating to his trial and conviction. Critically, the petition is not Hermansen's first effort in federal court. The public record reflects that he previously filed three § 2254 petitions. This District dismissed the first two without prejudice for failure to exhaust. *See Hermansen v. Webb*, 2:01-CV-47-WOB (E.D. Ky.) and *Hermansen v. Webb*, 2:01-CV-153-KSF (E.D. Ky.). As both such dismissals were without prejudice, neither implicates any second or successive petition concern. *Carlson v. Pitcher*, 137 F.3d 416, 420 (6th Cir. 1998) ("We join with every other court to consider the question, and hold that a *habeas* petition filed after a previous habeas petition has been dismissed on exhaustion grounds is not a 'second or successive' petition implicating the

4

pre-filing authorization [requirements.]"). However, District Judge Bunning denied a 2005 petition, which presented 23 distinct claims, in a full merits review. *See* DE #32 (Order adopting Magistrate Judge's recommendation and Judgment), *Hermansen v. Haeberlin*, 2:05-CV-91-DLB. Judge Bunning ruled in 2009. Hermansen obtained a certificate of appealability from the Sixth Circuit as to one claim, and upon full briefing, the Sixth Circuit affirmed the district court's denial of the petition. The court later denied Petitioner's Rule 60(b) motion, and the Sixth Circuit denied a certificate of appealability. DE #67 (Order); DE #74 (Sixth Circuit Order).

Hermansen filed the current petition on June 5, 2013. In response to Court Order, Warden White procedurally responded (DE #11) and Hermansen replied (DE #12). Hermansen's petition is ripe for review.

## II. Procedural Issues

*A. Hermansen's petition is second or successive.*

As discussed, one of Hermansen's three prior § 2254 petitions was adjudicated on the merits. A § 2254 petition is not necessarily second or successive simply because it represents a numerically second filing. *Lang v. United States*, 474 F.3d 348 (6th Cir. 2007) (citations omitted). The analysis generally turns on whether a petition involves assertion of a new claim as to a previously challenged judgment. *United States v. Gastelum-Lara*, 478 Fed. App'x 303, 305 (6th Cir. 2012) (§ 2255 context) (citing *Gonzalez v. Crosby*, 125 S. Ct. 2641 (2005)).

Per 28 U.S.C. § 2244(b)(2):

> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

*Id.* (emphasis added).

Citing *Magwood v. Patterson*, 130 S. Ct. 2788 (2010), Hermansen denies that the instant petition is second or successive. Specifically, Hermansen alleges that the nominal 2012 judgment, which reflected expungement, is an intervening judgment that reset the counter of his habeas applications to zero. DE #12 (Reply). Respondent characterizes the petition as second or successive, further arguing that the claims are procedurally defaulted and potentially barred by the statute of limitations. DE #11 (Response).

Hermansen's theory depends largely on what this Court sees as gamesmanship and logical façade. The Kentucky Supreme Court finally resolved the direct appeal of the underlying conviction in 2000—conclusively and substantively upholding the murder conviction and life sentence and dismissing with prejudice the wanton endangerment counts. Then, after several years of unsuccessful collateral litigation, Hermansen filed for expungement of the dismissed charges under KRS § 431.076. (The prior dismissal of those charges obviously had no impact on the murder conviction and life sentence, which the Kentucky Supreme Court affirmed in the same decision.) After further litigation, Hermansen ultimately won the right to expungement, but nothing more, from the Kentucky Court of Appeals. Hermansen sought expungement via entry

of a "new" judgment, which contained the identical text of the original judgment stripped—literally expunged—of any reference to the wanton endangerment allegations. He then tried to treat the expungement as creating a new direct appeal right. Kentucky quickly saw through this and held that the judgment was simply a paper correction to reflect expungement and did not create any new right to a second direct appeal. Hermansen's theory centers on characterizing the elided judgment from 2012 as "new" under *Magwood*. The Court, like Kentucky, is not convinced.

Hermansen misperceives the applicability of *Magwood*. In *Magwood*, the Supreme Court considered an intervening judgment based on a plenary resentencing that the state court conducted pursuant to a conditional federal writ of habeas corpus. *Magwood*, 130 S. Ct. at 2793. Magwood, facing a capital sentence, had applied for and ultimately received a conditional writ based on the state trial court's failure to make findings of statutory mitigating circumstances relating to Magwood's mental state. In response to the conditional writ, the state trial court conducted a new sentencing proceeding and made appropriate findings. The trial court again imposed a death sentence but stated that "the new 'judgment and sentence [were] the result of a complete and new assessment of all of the evidence, arguments of counsel, and law.'" *Id.* Magwood subsequently filed a second § 2254 petition, raising claims related to the resentencing and new judgment. *Id.* at 2794.

In finding Magwood's petition on the new judgment not second or successive, the Supreme Court stated:

> This is Magwood's *first* application challenging that intervening judgment. The errors he alleges are *new*. It is obvious to us—and the States does not dispute—that his claim of ineffective assistance at resentencing turns upon new errors. But,

7

> according to the State, his fair-warning claim does not, because the state court made the same mistake before. We disagree. An error made the second time is still a new error. That is especially clear here, *where the state court conducted a full resentencing and reviewed the aggravating evidence afresh.*

*Id.* at 2801 (third emphasis added).

Here, the Kentucky Court of Appeals addressed expungement and simply remanded the matter "with instructions to enter an order of expungement for the two wanton endangerment charges and convictions." *Hermansen*, 2009 WL 723056, at *2. The trial court did not conduct a resentencing hearing or review anew the evidence. The April 5, 2012 judgment imposed an identical life sentence on the murder conviction and simply omitted any reference to the expunged wanton endangerment convictions. Though the trial court chose to use the vehicle Hermansen tendered—a revised judgment—that court did not have authority to address or readdress the substance of the already affirmed murder conviction and sentence. Expungement is equivalent to official erasure, a "removal of a conviction [or here, charge] from a person's criminal record." *Black's Law Dictionary* 621 (8th ed. 2004) (definitions of "expunge" and "expungement of record"). The statute at issue, KRS § 431.076, authorizes an "order of expungement," by which "the proceedings in the matter shall be deemed never to have occurred." *Id.* at § 431.076(5). The design of expungement is to prevent the expunged matter from surfacing on a background check and expressly to permit the beneficiary to withhold disclosure of the expunged event. The expungement statute at issue covers only dismissed charges; nothing in that statute purports to authorize a court to revisit a conviction paired or appearing in the same judgment with expunged charges. Thus, the trial court entered a new paper

8

titled a judgment,[3] but the murder adjudication was within a final judgment as far back as 2000, and nothing in KRS § 431.076's expungement mechanics put that judgment back in play when the trial court entered its revised judgment. The Court of Appeals remanded only "with instructions to enter an order of expungement." *Hermansen*, 2009 WL 723056, at *4.

The Kentucky Supreme Court, in evaluating (and ultimately denying) Hermansen's right to a second direct appeal, stated: "The 'new' judgment was really no more than a corrected judgment entered to comply with the Court of Appeals' mandate, which did not affect the murder conviction and sentence in any way." Hermansen, 2013 WL 2296309, at *3. As a matter of Kentucky law, then, Kentucky's high court expressly treated the revision as non-substantive. It called the document "no more than a corrected judgment." *Id.* The revision simply had the effect of "omitting any reference to Case No. 96-CR-00012 [the indictment that introduced the wanton endangerment charges into the case.]." *Id.* The murder conviction, already affirmed after direct appeal, stood wholly undisturbed, and Kentucky refused a "second direct appeal" of the same affirmed conviction.[4] The trial court's use of judgment revision in lieu of the requisite AOC order of expungement gave Hermansen a technicality to argue under *Magwood*, but there was no readjudication of the case against him that qualifies as an intervening judgment; *Magwood* does not apply.

---

[3] The trial court should have used the approved Kentucky AOC form. *See* KRS § 431.076(4) ("The court shall order the expunging on a form provided by the [AOC]."). The AOC's form simply is an order declaring and implementing expungement and in no way purports to be a judgment or affect an adjudicated conviction.

[4] The two judgments were identical even in the details of the date of pre-sentencing custody credit—both pegged at June 23, 1997. *Compare* DE #1-1 (2012 Judgment) at 1-2 *with* DE #13-6, 2:05-CV-91-DLB (E.D. Ky.) (1997 Judgment). This shows further that the later paper did not create a new adjudication; it simply pared away matters the expungement statute addressed.

Hermansen's reliance on *Storey v. Vasbinder*, 657 F.3d 372 (6th Cir. 2011), is also misplaced. In *Storey*, the Sixth Circuit applied *Magwood* and held that "a petition filed after a remedial appeal, *ordered in response to an earlier petition*, is not second or successive within the meaning of § 2244(b)—even if it includes claims that could have been included, but were not, in the first petition." *Storey*, 657 F.3d at 378 (emphasis added). Storey filed an initial habeas petition in 2001. A federal court granted relief on one of his eight claims and ordered that Storey be given a new direct appeal; the habeas court did not otherwise address the remaining seven claims. Following a new state appeal in the Michigan courts, Storey filed a second federal habeas petition in 2006. That petition presented several of the claims previously raised in addition to new claims. The federal district court determined the 2006 petition to be second or successive and gave Storey the option of dropping the petition or seeking certification from the Sixth Circuit. The district court granted Storey's motion for reconsideration, denied the petition in full, and granted a certificate of appealability. The Sixth Circuit held that Storey's 2006 petition was not, in fact, second or successive.

Unlike the situation here, however, Storey's second petition followed the result of a new direct appeal that was ordered in response to an earlier petition. *See also Matos v. United States*, 948 F. Supp. 2d 171, 176 n.1 (collecting cases, citing *Storey*, and stating: "As Petitioner notes, eight circuits have held that the tally of applications resets to zero after the Petitioner concludes a direct appeal that was ordered in response to an earlier § 2255 petition which only requested a notice of appeal be reinstated."); *In re Lampton*, 667 F.3d 585, 589 (5th Cir. 2012) ("More fundamentally, the rule announced in *Magwood* applies only when a new sentence was imposed *as a result of the first habeas proceeding*.") (emphasis added); *Ajan v. United States*, 731 F.3d

629, 631 (6th Cir. 2013) ("Here, Ajan's successful § 2255 petition led to a new judgment—the Amended Judgment—which did not exist at the time his § 2255 petition was brought. . . . Because Ajan seeks to 'challeng[e] *the relief granted—i.e.,* whether the relief was 'appropriate' under § 2255, whether the new sentence was in conformity with the Constitution or Sentencing Guidelines, etc.—he is appealing a new criminal sentence[.]"); s*ee also Allen v. Colson*, 953 F. Supp. 2d 870, 876 (M.D. Tenn. June 19, 2013) ("It follows that, where a first habeas petition results in an amended judgment, a subsequent petition is not successive regardless of whether it challenges the conviction, the sentence, or both.") Again, and per the Kentucky Supreme Court, the 2012 judgment here is simply a "corrected" judgment, and not a new, substantive judgment that resulted from a resentencing and *de novo* consideration of the evidence. *See In re Martin*, 398 Fed. App'x 326, 327 (10th Cir. 2010) (rejecting application of *Magwood* where amended judgment merely corrected the description of a count of conviction, with "no new proceedings resulting in a new judgment"). Hermansen's sentence was undisturbed; the 2012 judgment also sentenced him to life imprisonment on the murder conviction in a textually identical document that merely removed reference to the expunged charges. DE #1-1 (April 2012 Judgment). Thus, the judgment would not be "new" for purposes of *Magwood*. *In re Lampton*, 667 F.3d at 588 (rejecting application where judgment resulting from first habeas merely vacated conviction for lesser-included offense and left intact, without resentencing, sentence for greater offense: "Those convictions and sentences [for the greater offenses], as well as the judgment imposing them, remain undisturbed."); *id.* (citing *Martin* and stating: "The petitioner's sentence was undisturbed, so no new judgment has been interposed."); *id.* at 589 ("In both *Magwood* and *Barnes*, the prior petition had yielded a new sentence, and hence a new judgment. Not so here; Lampton's

11

sentence on the CCE conviction remained intact after the initial § 2255 proceeding was completed." (footnote omitted)). *But cf. In re Barnes*, No. 11-30319 (5th Cir. June 23, 2011) (as discussed in *Lampton*: "Barnes's life sentence was 'corrected' to be a 99-year sentence. We held that he could file another § 2254 petition without obtaining prior authorization from this Court under § 2244 '[b]ecause a new sentence constitutes a new judgment.'").

Hermansen's posture turns on the technical usage of the word "new" by the trial court. However, there was and legally could be no "new" judgment in this context. The legal status in effect when the judgment became final in 2000 remained in place when Hermansen later sought expungement. That he secured erasure of the vacated charges from the public record is of no moment to the murder conviction that held him in custody in 2000, in 2007, and continues as the basis for his custody today. Kentucky rejected the legerdemain Hermansen attempted, and this Court rejects it also. He has had a full shot at § 2254 relief; the latest filing is second or successive, just as it was an improper effort at a second direct appeal from one conviction in the state system. The District Court should transfer the matter to the Sixth Circuit under *In re Sims*.

*B. Hermansen's claims are procedurally defaulted.*

Regardless of the second or successive status of Hermansen's petition, on this record, his claims are procedurally defaulted because the Kentucky Supreme Court refused to consider their merits. Hermansen defends the claims as reviewable, alleging that, because the Kentucky Supreme Court did not outright dismiss the action, it exercised appellate jurisdiction. Additionally, Petitioner contends that, because Kentucky did not address the merits, the Court can review the claims under 28 U.S.C. §2254(e)(1). DE #12 (Reply). Respondent asserts that Hermansen's claims are procedurally barred. DE #11 (Response).

The Sixth Circuit applies a four-factor test in analyzing procedural default:

> First, the court must determine whether there is such a procedural rule that is applicable to the claim at issue and whether the petitioner did, in fact, fail to follow it. Second, the court must decide whether the state courts actually enforced its procedural sanction. Third, the court must decide whether the state's procedural forfeiture is an "adequate and independent" ground on which the state can rely to foreclose review of a federal constitutional claim. "This question will usually involve an examination of the legitimate state interests behind the procedural rule in light of the federal interest in considering federal claims." And fourth, the petitioner must demonstrate, consistent with *Wainwright v. Sykes*, 433 U.S. 72 [97 S. Ct. 2497, 53 L.Ed.2d 594] (1977), that there was "cause" for him to neglect the procedural rule and that he was actually prejudiced by the alleged constitutional error.

*Henderson v. Palmer*, 730 F.3d 554, 559 (6th Cir. 2013) (quoting *Greer v. Mitchell*, 264 F.3d 663, 672-73 (6th Cir. 2001)). Here, Hermansen defaulted his claims because, as noted by the Kentucky Supreme Court, he "could and should have . . . raised [the claims] on direct appeal of the murder conviction." *Hermansen,* 2013 WL 2296309, at *3. Kentucky refused to consider the merits of the claims, summarily rejecting them on procedural grounds, *i.e.,* that, as each claim attacked the murder conviction, Hermansen should have raised each on the original direct appeal. Per the Kentucky Supreme Court:

> Appellant is now attempting to relitigate issues which could have and should have been raised on direct appeal of the murder conviction. This Court will not review his claims . . . . Appellant has already had the direct appeal of his murder conviction to which he was entitled under Section 115 of the Kentucky Constitution. He is not entitled to a second direct appeal.

*Hermansen*, 2013 WL 2296309, at *3-*4.[5]

---

[5] As already discussed regarding petition successiveness, Kentucky specifically refused to treat the result of expungement as creating a new avenue for direct appeal of the merits of the underlying murder conviction.

Hermansen's failure to raise the claims on original direct appeal—the only direct appeal to which he was entitled—blocked review by the Kentucky courts. "It is an established principle that this Court . . . will not address an issue which was raised in a direct appeal or which should have been raised in a direct appeal." *Brown v. Commonwealth*, 788 S.W.2d 500, 501 (Ky. 1990) (citations and quotation omitted); *see also Daily v. Commonwealth*, No. 2006-CA-2050-MR, 2007 WL 2998431, at *1 (Ky. Ct. App. 2007) ("Thus, this Court [Court of Appeals] will not entertain the merits of any claim of error urged in a collateral proceeding that could have been raised previously on direct appeal."). Kentucky's refusal to consider Petitioner's claims for failure to raise them on direct appeal is an adequate and independent state procedural ground that forecloses federal habeas review.[6] *Peters v. Chandler*, 292 Fed. App'x 453, 458 (6th Cir. 2008); *Hill v. Mitchell*, 400 F.3d 308, 321 (6th Cir. 2005); *see also Willis v. Motley*, No. 08-20-ART, 2009 WL 248423 (E.D. Ky. Feb. 3, 2009) (finding procedural default and "deferring as it must to the state's express findings and its application of Kentucky law" (citing *Zeigler v. Crosby*, 345 F.3d 1300, 1304 (11th Cir. 2003) ("We must also defer to the state court's findings of procedural defaults."))); *Dillingham v. Haberlin*, No. 1:04-CV-115JMH, 2005 WL 2099803, at *9 (W.D. Ky. Aug, 26, 2005) ("In sum, since Dillingham did not raise this claim on direct appeal he is now procedurally barred from doing so." (citation omitted)); *Sanborn*, 2005 WL 5190487, at *40 n.49 ("Such state procedural rules constitute an independent and adequate state procedural ground

---

[6] Hermansen indicates that two of his three claims were previously raised on federal habeas review but in a different fashion. DE #12 (Reply) at 10. "The general rule is that 'the doctrine of exhaustion requires that a claim be presented to the state courts under the same legal theory in which it is later presented in federal court.'" *Sanborn v. Parker*, No. 3:99-CV-P678-C, 2005 WL 5190487, at *40 n.49 (W.D. Ky. Jan. 12, 2005) (quoting *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998)).

14

which forecloses review of these particular challenges by the federal district court." (citation omitted)). As Hermansen has not shown, or even addressed, cause and prejudice for the default, Hermansen's claims are procedurally barred.[7] Respect for state law prevents this Court from circumventing Kentucky's clear rules—rules that here turn on proper understanding of the effect of expungement, state policies against piecemeal litigation, and state policies that promote finality—to consider arguments that the Kentucky Supreme Court has refused to entertain. Procedural default blocks assessment of Hermansen's substantive claims.

**III. Conclusion**

Accordingly, for the reasons discussed above, the Court **RECOMMENDS** that the District Court **TRANSFER** the petition for writ of habeas corpus (DE #1) to the Sixth Circuit pursuant to 28 U.S.C. § 1631 for proceedings in accordance with 28 U.S.C. § 2244 and Rule 9 of the Rules Governing Section 2255 Proceedings for the United States District Courts. *See In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) (endorsing transfer as proper method under § 1631). On this record, the Court is without jurisdiction to assess the merits of Hermansen's claims.

\* \* \* \* \*

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights and mechanics concerning this Recommended Disposition, issued under subsection (B) of the statute. *See also* Rules Governing Section 2254 Proceedings for the United States District Courts, Rule 8(b). Within fourteen days after being served with a copy of this decision, any party may serve and file specific written objections to any or all findings or recommendations for determination, de novo,

---

[7] On this record, the Court declines to make any determination about the petition's timeliness. Such a resolution likely depends on the foundational issues addressed in this recommendation.

by the District Court. Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See Thomas v. Arn*, 106 S. Ct. 466 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

    This the 27th day of June, 2014.

Signed By:
*Robert E. Wier* REW
United States Magistrate Judge